1

2

3

4

5

6                         UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
7                                    AT TACOMA

8    UNITED STATES OF AMERICA,                   CASE NO. CR16-5600 BHS

                            Plaintiff,           ORDER DENYING
9         v.                                     DEFENDANT'S MOTION TO
                                                 REDUCE SENTENCE
10   JUAN SALUD GARCIA ALMANZA,

11                          Defendant.

12

13        This matter comes before the Court on Defendant Juan Salud Garcia-Almanza's

14   motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 789. The Court

15   has considered the briefing filed in support of and in opposition to the motion and the

16   remainder of the file and hereby denies the motion for the reasons stated herein.

17              I.    FACTUAL & PROCEDURAL BACKGROUND

18        In April 2017, Garcia-Almanza was charged by superseding indictment with

19   Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1),

20   841(b)(1)(A), 846, Distribution of a Controlled Substance, in violation of 21 U.S.C.

21   §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2, and Alien in Possession of a Firearm, in

22   violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2). Dkt. 273. Garcia-Almanza subsequently

1   pled guilty to Conspiracy to Distribute a Controlled Substance and Alien in Possession of

2   a Firearm. Dkt. 546.

3          On January 22, 2018, the Court sentenced Garcia-Almanza to 66 months

4   imprisonment. Dkt. 670. In August 2018, Garcia-Almanza filed a petition to vacate, set

5   aside, or correct his sentence pursuant to 28 U.S.C. § 2255 arguing ineffective assistance

6   of counsel. *Garcia Almanza v. United States*, No. C18-5673, Dkt. 1. The Court denied his

7   § 2255 petition. *Id.*, Dkt. 6. Garcia-Almanza is scheduled to be released on December 8,

8   2021 and has an active immigration detainer lodged against him.

9          On June 24, 2021, Garcia-Almanza filed the instant motion to reduce his sentence.

10  Dkt. 789. On July 15, 2021, the Government responded, Dkt. 795, and filed a motion for

11  leave to file overlength briefing, Dkt. 794, and a motion to seal, Dkt. 796.[1] On July 19,

12  2021, Garcia-Almanza replied. Dkt. 798.

13                              **II.   DISCUSSION**

14         Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence

15  of imprisonment "constitutes a final judgment and may not be modified by a district court

16  except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010)

17  (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C.

18  § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended

19

20         [1] In regard to the motion to seal, the Government asserts that the exhibits filed in support
    of its opposition should remain under seal because they contain Garcia-Almanza's personal,
    medical information. Dkt. 796. The Court agrees and GRANTS the motion. The Court also
21  GRANTS the Government's unopposed motion to file briefing in excess of the twelve-page
    limitation imposed by Local Criminal Rule 12(b)(5) of the Rules of the United States District
22  Court for the Western District of Washington. Dkt. 794.

§ 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> ***
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;

\*\*\*

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. However, the Ninth Circuit has held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining the many circuits across the country. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)). *See also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion.

Therefore, on a defendant-initiated motion under the First Step Act, the defendant must show that they have extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).

## A.   Exhaustion Requirement

As a preliminary matter, Garcia-Almanza bears the burden of showing that he exhausted his administrative rights with the BOP before filing his compassionate release motion. *See United States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at \*3 (W.D. Wash. May 7, 2020) (collecting cases). The Government argues that Garcia-Almanza has not satisfied the exhaustion requirement. Dkt. 795 at 10.

1    In January 2021, Garcia-Almanza's counsel sent a letter to the warden at the

2 United States Penitentiary in Lompoc, California ("USP Lompoc"), where Garcia-

3 Almanza was housed at the time, requesting that Garcia-Almanza be released to facilitate

4 his removal to Mexico. Dkt. 789 at 1–2. Counsel did not receive a response from the USP

5 Lompoc warden. Garcia-Almanza was subsequently transferred from USP Lompoc to the

6 administrative Federal Transfer Center in Oklahoma City, Oklahoma and then ultimately

7 to the Federal Correctional Institute in Oakdale, Louisiana ("FCI Oakdale II") in April

8 2021. *Id.* at 2.

9    The Government argues that because Garcia-Almanza has not asked his current

10 facility for relief, he has not exhausted his administrative remedies. Dkt. 795 at 10. The

11 First Step Act states that a defendant fully exhausts their administrative rights by

12 requesting "the Bureau of Prisons to bring a motion on the defendant's behalf" and the

13 BOP declining to do so "or the lapse of 30 days from the receipt of such a request by the

14 warden of the defendant's facility[.]" 18 U.S.C. § 352(c)(1)(A). The Government's

15 exhaustion argument is predicated on the statute's inconsistency between submitting a

16 request to "the Bureau of Prisons" and a request to "the warden of the defendant's

17 facility."

18    The Court concludes that Garcia-Almanza has satisfied the exhaustion

19 requirement through petitioning the warden of FCI Lompoc, although he is currently

20 housed at FCI Oakdale II. Garcia-Almanza's transfer from one BOP facility to another

21 BOP facility did not alter the BOP's awareness of his administrative request for release

22 nor did his transfer impede the BOP's ability to resolve his request. District courts in this

1  circuit and around the country have reached the same conclusion. *See, e.g.*, *United States*

2  *v. Partida*, 2020 WL 3050705, at *3–4 (D. Ariz. June 5, 2020); *United States v.*

3  *Davidson*, 2020 WL 4877255, at *5–6 (W.D. Pa. Aug. 20, 2020). Garcia-Almanza

4  properly petitioned the BOP, and his administrative remedies became exhausted when the

5  warden of FCI Lompoc did not respond to his request within 30 days.

6  **B.    Extraordinary and Compelling Reasons**

7           While the Court has concluded that Garcia-Almanza has met his burden in

8  showing that he has satisfied the exhaustion requirement, he must also establish that there

9  are extraordinary and compelling reasons warranting a reduction in his sentence. Garcia-

10  Almanza does not assert any specific, factual reasons to support his motion. He argues

11  generally that COVID-19 previously presented a health risk at FCI Oakdale II and that

12  his incarceration has been "more onerous than it would have been during 'normal'

13  times." Dkt. 789 at 3. The main basis for his motion appears to be that he seeks a

14  reduction in his sentence to time served in order to facilitate and expedite his removal

15  proceedings. *Id.* at 2–3.

16           The COVID-19 pandemic has been the primary basis for defendants seeking a

17  reduction in their sentence or for compassionate release pursuant to 18 U.S.C

18  § 3582(c)(1)(A) over the past year. The Court has granted such motions when a

19  defendant can establish that they are at a greater risk of serious illness or death if they

20  were to be infected with COVID-19. *See, e.g.*, *United States v. Crawford*, No. CR18-305

21  BHS, 2021 WL 409973 (W.D. Wash. Feb. 5, 2021). Garcia-Almanza makes no such

22  argument. In fact, Garcia-Almanza received both doses of the Pfizer-BioNTech vaccine

and is fully vaccinated against COVID-19. *See* Dkt. 797 at 93. The COVID-19 pandemic itself does not create an extraordinary and compelling reason warranting a reduction in sentence, and it is consistent with this Court's precedent to find that absent a *specific* showing that the defendant themselves remains susceptible to infection, vaccination cuts against a finding of extraordinary and compelling reasons. *See, e.g.*, *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021).

Further, Garcia-Almanza's argument that his sentence has been "more onerous" does not establish an extraordinary and compelling reason. The Court only considers whether a sentence is more punitive than contemplated when it evaluates the § 3553(a) factors—which the Court only engages in *after* a defendant establishes extraordinary and compelling reasons. Though the Court has wide discretion to consider any extraordinary and compelling reason, *see Aruda*, 993 F.3d at 802, allowing a § 3553(a) factor to be an independent basis for an extraordinary and compelling reason would conflate the separate analysis the Court must engage in as required by the First Step Act. *See United States v. Pickering*, No. CR20-5005 BHS, Dkt. 57 at 8–10 (W.D. Wash. June 15, 2021).

Garcia-Almanza's argument that his sentence should be reduced in order to expedite his removal proceedings also does not have merit. He does not provide any legal authority that a desire to expedite removal proceedings can be an extraordinary and compelling reason to warrant a reduction in sentence. The fact that a defendant has an active immigration detainer does not preclude compassionate release, but an immigration detainer by itself does not establish extraordinary and compelling reasons.

1    The defendant bears the burden to establish extraordinary and compelling reasons

2    warranting a reduction in his sentence. Garcia-Almanza has not met that burden. His

3    motion is therefore denied without prejudice.[2]

4                                    **III.  ORDER**

5         Therefore, it is hereby **ORDERED** that Garcia-Almanza's motion to reduce

6    sentence, Dkt. 789, is **DENIED** and that the Government's motion for leave to file

7    overlength briefing, Dkt. 794, and motion to seal, Dkt. 796, are **GRANTED**.

8         Dated this 3rd day of August, 2021.

9

10
                                        _____
11                                      BENJAMIN H. SETTLE
                                        United States District Judge
12

13

14

15

16

17

18

19

20

21   _____

22        [2] Because Garcia-Almanza has not established extraordinary and compelling reasons, the
     Court will not consider the § 3553(a) factors.